## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Richard Dalton Lee Brown,

        Plaintiff,

v.

Commissioner of Social Security,

        Defendant.

_____

Case No. 21-12025
District Judge Nancy G. Edmunds
Magistrate Judge Jonathan J.C. Grey

## REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

Richard Dalton Lee Brown seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying Brown's application for Supplemental Security Income under the Social Security Act. Brown filed a motion for summary judgment (ECF No. 14) and the Commissioner filed a response and cross-motion for summary judgment (ECF No. 17). Brown did not file a reply.

For the following reasons, the Court **RECOMMENDS** that Brown's motion for summary judgment be **DENIED**, that the Commissioner's motion for summary judgment be **GRANTED**, and that the decision of the Commissioner be **AFFIRMED**.

I.    **Background**

A. **Procedural History**

On July 3, 2019, Brown filed a Social Security Income application for

a period of disability. (Tr. 173.[1]) In the application, the claimant alleged that

his disability began on December 20, 2016. *Id.* On September 18, 2019, the

application was denied. (Tr. 66.) Brown requested a hearing, and on

September 28, 2020, he appeared with an attorney before Administrative

Law Judge Earl Ashford ("ALJ"), who reviewed the case *de novo*. (Tr. 82,

33–47.) In an October 14, 2020 decision, the ALJ found that Brown was not

disabled. (Tr. 15–27.) The Appeals Council denied review on July 6, 2021,

which made the ALJ's decision final. (Tr. 1–3; *Wilson v. Comm'r of Soc.*

*Sec.*, 378 F.3d 541, 543–44 (6th Cir. 2004).)

B. **The ALJ's Application of the Disability Framework**

Under the Social Security Act, disability insurance benefits and

supplemental security income are available only for those who have a

"disability." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).

"Disability" means the "inability to engage in any substantial gainful activity

by reason of any medically determinable physical or mental impairment

---

[1] The administrative record appears on the docket at entry number 10. All references to it
are identified as "Tr."

which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The Commissioner determines whether a claimant is disabled through a five-step sequential analysis. 20 C.F.R. §§ 404.1520, 416.920. First, if the claimant is engaged in significant gainful activity, no disability will be found. Second, if the claimant does not have a severe impairment or combination of severe impairments for a continuous period of at least 12 months, no disability will be found. Third, if the claimant's severe impairment meets or equals one of the impairments listed in the regulations, the claimant will be found disabled. Fourth, if the claimant can perform their past relevant work or has residual functional capacity ("RFC"), no disability will be found. Fifth, even if the claimant is unable to perform their past relevant work, benefits are denied if the claimant can adjust to other work in view of their age, education, and work experience. If the Commissioner "makes a dispositive finding at any point in the five-step process," the evaluation will not proceed to the next step. *Colvin*, 475 F.3d at 730.

The claimant bears the burden of proof through step four, in which they must show "the existence and severity of limitations caused by [their] impairments and the fact that [they] are precluded from performing [their]

3

past relevant work." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). At step five, the burden shifts to the Commissioner in which the Commissioner must show that "other jobs in significant numbers exist in the national economy that [the claimant] could perform given [their] RFC and considering relevant vocational factors." *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007).

Brown, born on December 20, 1998, was 18 years old on the alleged disability onset date. (Tr. 275.) He has a high school equivalency diploma and no past relevant work. (Tr. 21, 850.) He alleges he cannot work because of Asperger syndrome, anxiety, depression, panic disorder, generalized anxiety disorder, other mixed anxiety disorder, schizoaffective disorder of the bipolar type, bipolar I disorder, major depressive disorder, hypothyroidism, and transaminitis. (Tr. 163.)

The ALJ applied the five-step disability analysis and found at step one that Brown had not engaged in substantial gainful activity since the alleged onset date of July 3, 2019. (Tr. 12.) At step two, the ALJ found that Brown had the following severe impairments: autism spectrum disorder; Asperger Syndrome; schizoaffective disorder, bipolar type; and major depressive disorder. *Id.* At step three, the ALJ found no evidence that Brown's impairments met or medically equaled one of the listings in the regulations.

4

(Tr. 13–16.) Next, the ALJ determined that Brown has the RFC to perform

work at all exertional levels with certain limitations:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: work limited to simple, routine, and repetitive tasks in a work environment free from fast paced production requirements, such as moving assembly lines and conveyor belts, involving only work related decisions, with few if any work place changes, and occasional interaction with the general public, coworkers, and supervisors.

(Tr. 16–17.) At step four, the ALJ found that Brown has no past relevant

work. (Tr. 21.) At step five, the ALJ denied Brown benefits, finding that

there are jobs in significant numbers in the national economy that Brown can

perform. (Tr. 21–22.)

## II.    Discussion

### A. Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review

the Commissioner's final administrative decision. The Court "must affirm

the Commissioner's conclusions absent a determination that the

Commissioner has failed to apply the correct legal standard or has made

findings of fact unsupported by substantial evidence in the record."

*Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005)

(citations and internal quotations omitted). Substantial evidence is "more

than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers,* 486 F.3d at 241. In determining whether substantial evidence supports the ALJ's decision, the Court does "not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon,* 499 F.3d 506, 509 (6th Cir. 2007) (citation omitted); *see also Rogers*, 486 F.3d at 247 ("It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant.").

If the Commissioner's decision is supported by substantial evidence, it "must be affirmed even if the reviewing court would decide the matter differently . . . and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). The substantial evidence standard "presupposes . . . a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). Moreover, the ALJ is not required to discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006).

The Court's review is limited to an examination of the record. *Bass*, 499 F.3d at 512–13. The Court "may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001) (citation omitted).

**B. Analysis**

Brown contends that the ALJ committed reversible legal error because substantial evidence does not support the ALJ's step three determination of Brown's ability to meet certain criteria with respect to concentrating, persisting, or maintaining pace and adapting or managing oneself. The Commissioner contends that Brown did not meet his burden of establishing that the ALJ committed reversible error.

At step three, the ALJ concluded that Brown's impairments did not meet or medically equal one of the listings in the regulations. (Tr. 13–16.) To reach that conclusion, the ALJ evaluated whether Brown met the criteria of Listings 12.04, 12.06, 12.10, and 12.11, which all share identical paragraph B requirements:

> B. Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning (see 12.00F):
> 1. Understand, remember, or apply information (see 12.00E1).
> 2. Interact with others (see 12.00E2).
> 3. Concentrate, persist, or maintain pace (see 12.00E3).
> 4. Adapt or manage oneself (see 12.00E4).

7

20 C.F.R. Part 404, Subpt. P, App. 1, § 12.04(B), § 12.06(B), § 12.10(B), § 12.11(B).

The five incremental ratings for listing evaluations are as follows:

> a. *No limitation (or none).* You are able to function in this area independently, appropriately, effectively, and on a sustained basis.
> b. *Mild limitation.* Your functioning in this area independently, appropriately, effectively, and on a sustained basis is slightly limited.
> c. *Moderate limitation.* Your functioning in this area independently, appropriately, effectively, and on a sustained basis is fair.
> **\*4** d. *Marked limitation.* Your functioning in this area independently, appropriately, effectively, and on a sustained basis is seriously limited.
> e. *Extreme limitation.* You are not able to function in this area independently, appropriately, effectively, and on a sustained basis.

*Id.* at § 12.00(F)(2). Brown argues that the ALJ's analysis failed with respect to the criteria of (1) concentrating, persisting, or maintaining pace and (2) adapting or manage oneself. Brown contends that the ALJ should have found marked limitations for both, as opposed to moderate.

To demonstrate he meets a listing, Brown must demonstrate one of the following: (1) that he has an "extreme" limitation in *either* concentrating, persisting or maintaining pace or adapting or managing oneself or (2) that he has a "marked" limitation with respect to *both* concentrating, persisting or maintaining pace and adapting or managing oneself. *Id.*

### 1.  Concentrating, Persisting, or Maintaining Pace

Concentrating, persisting, or maintaining pace refers to the ability "to focus attention on work activities and stay on task at a sustained rate." *Id.* at § 12.00(E)(3). The ALJ appropriately found that Brown has a moderate limitation in this area. (Tr. 15.) In support of his conclusion, the ALJ discussed Brown's daily activities and history of normal mental status examinations. *Id.*

First, the ALJ relied on the fact that Brown writes poetry daily (Tr. 856, 1009), attends college on a part-time basis (Tr. 241, 306, 525), attends doctor's appointments independently (Tr. 244), plays video games (Tr. 245), watches movies (*Id.*), completes word searches (*Id.*), and listens to music (*Id.*). (Tr. 15.) Contrary to Brown's argument that the ALJ failed to discuss Brown's limitations with daily activities, the ALJ explicitly noted Brown's limitations, including that Brown attended college on a part-time basis and that Brown participated in special education services. (Tr. 14, 15.) Brown also contests the ALJ's reliance on his daily activities, however, the Social Security regulations state that "[we] will consider all evidence about your . . . daily functioning before we reach a conclusion about your ability to work." 20 C.F.R. Part 404, Subpt. P, App. 1, § 12.00(F)(3)(c).

Second, the ALJ relied on mental status examinations that showed Brown had "appropriate thought content, normal speech flow, and normal concentration" at doctor's appointments. (Tr. 15). Numerous records support this finding. (Tr. 485, 777, 985, 1002.)

Substantial evidence thus supports the ALJ's finding of moderate limitations with respect to concentrating, persisting, or maintaining pace.

### 2.  Adapting or Managing Oneself

Adapting or managing oneself refers to the ability to "regulate emotions, control behavior, and maintain well-being in a work setting," including "making plans for yourself independently of others; [and] maintaining personal hygiene and attire appropriate to a work setting." *Id.* at § 12.00(E)(4). The ALJ appropriately found that Brown has a moderate limitation in this area. (Tr. 15–16.) In support of his conclusion, the ALJ discussed Brown's daily activities and lack of extensive history of psychiatric hospitalizations. *Id.*

The ALJ relied on the fact that Brown maintains hygiene and dresses appropriately without reminders. (Tr. 16, 253.) His function report notes that he has zero issues with personal care and needs no assistance to shower. (Tr. 252.) Brown self-reported that although he needs reminders to take his medications, he writes out a daily schedule for himself. (Tr. 242–243.)

Brown can prepare simple meals, although he generally orders food, and he vacuums, does laundry, cleans his room, and shops for groceries. (Tr. 243.)

Brown argues that evidence reflects that he has a marked limitation in this area, including separate incidents in which Brown experienced a panic attack at a movie theater and allegedly hit his mother. (ECF No. 14, PAGEID.1065.) However, the record shows that after those incidents, Brown received appropriate medications and has continued to take those medications. (Tr. 19.) His anxiety is "well controlled," and he added meditation and yoga to his schedule. (Tr. 500.) The Court's "task is not to reweigh the evidence. That is solely the province of the Secretary." *Mullins v. Sec'y of Health & Hum. Servs.*, 680 F.2d 472, 472 (6th Cir. 1982) (citation omitted). Here, the ALJ appropriately acknowledged and weighed the evidence in the record. (Tr. 15–16.)

Substantial evidence thus supports the ALJ's finding of moderate limitations with respect to adapting or managing oneself.

Because Brown did not show the requisite limitation in the areas of mental functioning, substantial evidence supports the ALJ's step three findings.

11

### III.    Recommendation

For the foregoing reasons, the Court **RECOMMENDS** that Brown's

motion for summary judgment be **DENIED**, that the Commissioner's

motion for summary judgment be **GRANTED**, and that the decision of the

Commissioner be **AFFIRMED**.


Dated:   July 27, 2022                    **s/Jonathan J.C. Grey**
                                          Jonathan J.C. Grey
                                          United States Magistrate Judge

### Notice to the Parties About Objections

Within 14 days of being served with a copy of this Report and Recommendation, any party may object to and seek review of the proposed findings and recommendations set forth above. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). If a party fails to timely file specific objections, any further right of appeal is waived. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991). Only specific objections to this Report and Recommendation are preserved for appeal; all other objections are waived. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). Each objection must be labeled as "Objection No. 1," "Objection No. 2," etc. Each objection must specify precisely the provision of this Report and Recommendation to which it pertains. In accordance with Local Rule 72.1(d), copies of objections must be served on this Magistrate Judge.

A party may respond to another party's objections within 14 days after service of any objections. Fed. R. Civ. P. 72(b)(2). Any such response should be concise and address each issue raised in the objections in the same order and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

### Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System on July 27, 2022.

s/ **S. Osorio**
Sandra Osorio
Case Manager